IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

| | | |
|---|---|---|
| STEPHEN PAUL McCARY, #246 384 | * | |
| Plaintiff, | * | |
| v. | * | 2:09-CV-405-WHA (WO) |
| LT. STEELE, *et al.*, | * | |
| Defendants. | * | |

_____

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This is a 42 U.S.C. § 1983 action in which Plaintiff, an inmate at the Holman Correctional Facility, contends that he was subjected to excessive force and inadequate medical care. Plaintiff names as one of the defendants the Staton Health Care Unit.. Upon review of the complaint filed in this case, the court concludes that dismissal of Plaintiff's claims against the Staton Health Care Unit prior to service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B).[1]

**I. DISCUSSION**

The Staton Health Care Unit is not a legal entity subject to suit or liability under section 1983.  *Cf. Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992).  In light of the foregoing, the court concludes that Plaintiff's claims against this defendant are subject to

---

[1] Under the provisions of 28 U.S.C. § 1915(e)(2)(B), a court may dismiss a case at any time, regardless of the payment of any filing fee, if the court determines that the action is frivolous, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from this relief.

dismissal as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

## II.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.  Plaintiff's claims against the Staton Health Care Unit be DISMISSED with prejudice prior to service of process in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i); and

2.  This case, with respect to the claims presented against the remaining defendants, be referred back to the undersigned for additional proceedings.

It is further

ORDERED that the parties shall file any objections to the said Recommendation on or before **June 4, 2009** . Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc*., 667 F.2d

33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 22ND day of May, 2009.

      /s/Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE